IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| ADVANTAGE ENVIRONMENTAL CONSULTANTS, LLC, | * * * * | |
| Plaintiff, | * | |
| v. | * | Civil Case No. SAG-21-0700 |
| GROUND ZERO FIELD SERVICES, LLC, | * * * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION**

Plaintiff Advantage Environmental Consultants, LLC ("AEC") filed this action against Defendant Ground Zero Field Services, LLC ("Ground Zero"), asserting claims of breach of contract and negligence. Ground Zero filed a motion to dismiss three counts of the Amended Complaint, ECF 10, and AEC responded with its own motion for summary judgment, ECF 16. I have reviewed those motions, along with the relevant oppositions and replies. ECF 15, 17, 18, 19. A hearing is not needed. *See* Local Rule 105.6 (D. Md. 2018). For the following reasons, Ground Zero's motion will be granted, and AEC's motion will be denied.

**I.     Background**

The following facts are derived from the Amended Complaint and are taken as true for purposes of evaluating Ground Zero's motion to dismiss. In January, 2020, ACNB Bank hired AEC to perform an environmental assessment and testing work on land located in Gettysburg, Pennsylvania. ECF 4 ¶ 4. ACNB Bank was considering extending financing to the land's owner, the Estate of Boyd E. Rinehart ("the Estate."). *Id.* In February, 2020, AEC subcontracted with Ground Zero to perform certain underground boring services on the Estate property. *Id.* ¶ 5. While

performing the subcontracted work, Ground Zero bored through and punctured an underground storage tank on the property, potentially releasing the tank's contents into the environment. *Id.* ¶ 6. AEC paid the Estate $100,000 to settle claims relating to the puncturing incident, and ACNB Bank paid the Estate $25,000 for the same purpose. *Id.* ¶ 7. AEC accepted assignments from the Estate and from ACNB Bank to pursue any claims those entities had against Ground Zero. *Id.* Exh. B and C.

The Amended Complaint contains six counts. ECF 4. The first three are breach of contract claims asserted by AEC on its own behalf (Count One), as assignee of the Estate (Count Two), and as assignee of ACNB Bank (Count Three). The next three are negligence claims asserted on behalf of the same three entities (Counts Four through Six).

## II. Standard of Review

### A.

A defendant may test the legal sufficiency of a complaint by way of a motion to dismiss under Rule 12(b)(6). *In re Birmingham*, 846 F.3d 88, 92 (4th Cir. 2017); *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165-66 (4th Cir. 2016); *McBurney v. Cuccinelli*, 616 F.3d 393, 408 (4th Cir. 2010), *aff'd sub nom. McBurney v. Young*, 569 U.S. 221 (2013); *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). A Rule 12(b)(6) motion constitutes an assertion by a defendant that, even if the facts alleged by a plaintiff are true, the complaint fails as a matter of law "to state a claim upon which relief can be granted." In reviewing a Rule 12(b)(6) motion, a court "must accept as true all of the factual allegations contained in the complaint" and must "draw all reasonable inferences [from those facts] in favor of the plaintiff." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted); *see Reyes v. Waples Mobile Home Park Ltd. P'ship*, 903 F.3d 415, 423 (2018); *Houck*

*v. Substitute Tr. Servs., Inc.*, 791 F.3d 473, 484 (4th Cir. 2015); *Kendall v. Balcerzak*, 650 F.3d 515, 522 (4th Cir. 2011), *cert. denied*, 565 U.S. 943 (2011).

Whether a complaint states a claim for relief is assessed by reference to the pleading requirements of Fed. R. Civ. P. 8(a)(2). The purpose of the rule is to provide the defendants with "fair notice" of the claims and the "grounds" for entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." *Twombly*, 550 U.S. at 573; *see also Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002) (stating that a complaint need only satisfy the "simplified pleading standard" of Rule 8(a)). But, the Supreme Court has explained that a "plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations omitted; alteration in *Twombly*).

Moreover, to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (quoting *Twombly*, 550 U.S. at 570); *see Paradise Wire & Cable Defined Benefit Pension Fund Plan v. Weil*, 918 F.3d 312, 317 (4th Cir. 2019); *Willner v. Dimon*, 849 F.3d 93, 112 (4th Cir. 2017). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has

alleged -- but it has not 'show[n]' -- 'that the pleader is entitled to relief.'" *Id*. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

Mere "'naked assertions' of wrongdoing" are generally insufficient to state a claim for relief. *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (citation omitted); *see Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 350 (4th Cir. 2013). Put another way, "an unadorned, the-defendant-unlawfully-harmed-me accusation" does not state a plausible claim for relief. *Iqbal*, 556 U.S. at 678. Rather, to satisfy the minimal requirements of Rule 8(a)(2), the complaint must set forth "enough factual matter (taken as true) to suggest" a cognizable cause of action, "even if . . . [the] actual proof of those facts is improbable and . . . recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556 (internal quotation marks omitted).

A court is not required to accept legal conclusions drawn from the facts. *See Papasan v. Allain*, 478 U.S. 265, 286 (1986). "A court decides whether [the pleading] standard is met by separating the legal conclusions from the factual allegations, assuming the truth of only the factual allegations, and then determining whether those allegations allow the court to reasonably infer" that the plaintiff is entitled to the legal remedy sought. *A Soc'y Without a Name v. Comm'w of Va.*, 655 F.3d 342, 346 (4th. Cir. 2011), *cert. denied*, 566 U.S. 937 (2012).

Nonetheless, the complaint does not need "detailed factual allegations" to survive a motion to dismiss. *Twombly*, 550 U.S. at 555. Instead, "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id*. at 563. Moreover, federal pleading rules "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 135 S. Ct. 346, 346 (2014) (per curiam).

Courts generally do not "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses" through a Rule 12(b)(6) motion. *Edwards*, 178 F.3d at 243 (quotation marks and citation omitted). But, "in the relatively rare circumstances where facts sufficient to rule on an affirmative defense are alleged in the complaint, the defense may be reached by a motion to dismiss filed under Rule 12(b)(6)." *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007) (en banc); *accord Pressley v. Tupperware Long Term Disability Plan*, 533 F.3d 334, 336 (4th Cir. 2009); *see also U.S. ex rel. Oberg v. Penn. Higher Educ. Assistance Agency*, 745 F.3d 131, 148 (4th Cir. 2014). However, because Rule 12(b)(6) "is intended [only] to test the legal adequacy of the complaint," *Richmond, Fredericksburg & Potomac R.R. Co. v. Forst*, 4 F.3d 244, 250 (4th Cir. 1993), "[t]his principle only applies . . . if all facts necessary to the affirmative defense 'clearly appear [ ] *on the face of the complaint*.'" *Goodman*, 494 F.3d at 464 (quoting *Forst*, 4 F.3d at 250) (emphasis in *Goodman*); *see Dean v. Pilgrim's Pride Corp.*, 395 F.3d 471, 474 (4th Cir. 2005).

In evaluating the sufficiency of a complaint in connection with a Rule 12(b)(6) motion, a court ordinarily "may not consider any documents that are outside of the complaint, or not expressly incorporated therein . . . ." *Clatterbuck v. City of Charlottesville,* 708 F.3d 549, 557 (4th Cir. 2013); *see Bosiger v. U.S. Airways,* 510 F.3d 442, 450 (4th Cir. 2007). "Generally, when a defendant moves to dismiss a complaint under Rule 12(b)(6), courts are limited to considering the sufficiency of allegations set forth in the complaint and the 'documents attached or incorporated into the complaint.'" *Zak v. Chelsea Therapeutics Int'l, Ltd.*, 780 F.3d 597, 606 (4th Cir. 2015) (quoting *E.I. du Pont de Nemours & Co.*, 637 F.3d at 448). Under limited circumstances, however, when resolving a Rule 12(b)(6) motion, a court may consider

documents beyond the complaint without converting the motion to dismiss to one for summary judgment. *Goldfarb v. Mayor and City Council of Balt.*, 791 F.3d 500, 508 (4th Cir. 2015).

**B.**

In response to Ground Zero's partial motion to dismiss, AEC filed a motion seeking summary judgment in its favor. Summary judgment is generally inappropriate "where the parties have not had an opportunity for reasonable discovery." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 448-49 (4th Cir. 2011); *see Putney v. Likin*, 656 F. App'x 632, 638 (4th Cir. 2016) (per curiam); *McCray v. Maryland Dep't of Transportation*, 741 F.3d 480, 483 (4th Cir. 2015). However, "the party opposing summary judgment 'cannot complain that summary judgment was granted without discovery unless that party had made an attempt to oppose the motion on the grounds that more time was needed for discovery.'" *Harrods Ltd. v. Sixty Internet Domain Names*, 302 F.3d 214, 244 (4th Cir. 2002) (quoting *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 961 (4th Cir. 1996)); *see also Dave & Buster's, Inc. v. White Flint Mall, LLLP*, 616 F. App'x 552, 561 (4th Cir. 2015).

To raise adequately the issue that discovery is needed, the nonmovant typically must file an affidavit or declaration pursuant to Rule 56(d) (formerly Rule 56(f)), explaining why, "for specified reasons, it cannot present facts essential to justify its opposition," without needed discovery. Fed. R. Civ. P. 56(d); *see Harrods*, 302 F.3d at 244-45 (discussing affidavit requirement of former Rule 56(f)). "[T]o justify a denial of summary judgment on the grounds that additional discovery is necessary, the facts identified in a Rule 56 affidavit must be 'essential to [the] opposition.'" *Scott v. Nuvell Fin. Servs., LLC*, 789 F. Supp. 2d 637, 641 (D. Md. 2011) (alteration in original) (citation omitted). A nonmoving party's Rule 56(d) request

for additional discovery is properly denied "where the additional evidence sought for discovery would not have by itself created a genuine issue of material fact sufficient to defeat summary judgment." *Strag v. Bd. of Trs., Craven Cmty. Coll.*, 55 F.3d 943, 954 (4th Cir. 1995); *see McClure v. Ports,* 914 F.3d 866, 874-75 (4th Cir. 2019); *Gordon v. CIGNA Corp.,* 890 F.3d 463, 479 (4th Cir. 2018); *Amirmokri v. Abraham,* 437 F. Supp. 2d 414, 420 (D. Md. 2006), *aff'd*, 266 F. App'x 274 (4th Cir. 2008), *cert. denied*, 555 U.S. 885 (2008).

### III.     Discussion

Turning first to AEC's summary judgment motion, it is both insufficient and clearly premature. The motion does not point to evidence to establish the elements of any one of AEC's legal claims. ECF 16. Instead, it conclusorily asserts that AEC would prevail regardless of the legal theory applied, failing to elaborate or provide *any* specifics as to the facts upon which it relies and instead merely referencing its Motion to Dismiss briefing as somehow sufficient to carry its burden of proving no dispute of material fact. *Id.* AEC attaches an affidavit from its owner, Michael Robertson, containing equally conclusory assertions about the respective responsibilities owed by Ground Zero and AEC in the context of what he viewed to be the parties' subcontracting arrangement. ECF 16-1. However, as described in the Rule 56(d) affidavit filed by Ground Zero's counsel, Eric M. Rigatuso, Esq., Ground Zero requires discovery to explore the "existence, formation, and terms" of any subcontracting arrangement that may have been in place, along with other facts relevant to the parties' dispute. ECF 18-4. In light of the evident factual dispute and because no discovery has yet occurred, summary judgment is not warranted, and AEC's motion will be denied.

Returning, then, to Ground Zero's partial motion to dismiss, it makes two primary contentions: (1) that AEC cannot assert breach of contract claims as the assignee of the Estate or

ACNB Bank because those entities were not in contractual privity with Ground Zero; and (2) that the negligence claim asserted on behalf of ACNB Bank is barred by the economic loss rule. ECF 10 at 5-8. Both arguments are persuasive.

The Amended Complaint expressly alleges two written agreements: the agreement between ACNB Bank and AEC, and the subcontract agreement between AEC and Ground Zero. ECF 4 ¶¶ 4, 5. No contract is alleged to have existed between ACNB Bank and Ground Zero, or between the Estate and any other party. In general, only a party to a contract can enforce its terms. *See Copier Typewriters Calculators, Inc. v. Toshiba Corp.*, 576 F. Supp. 312, 322 (D. Md. 1983).

While AEC appears to acknowledge those fundamental principles of contract law, it contends that both ACNB Bank and the Estate were intended third-party beneficiaries of the subcontract between AEC and Ground Zero. There are simply no allegations in the Amended Complaint to support that assertion. An intended third-party beneficiary can recover for breach of contract only where the parties to the contract made an express promise-in-fact to the third party. *See Gray & Son, Inc. v. Md. Deposit Ins. Fund. Corp.,* 83 Md. App. 584, 592 (1990) ("In order to recover it is essential that the beneficiary shall be the real promisee; i.e., that the promise shall be made to [the third party] in fact, though not in form. It is not enough that the contract may operate to [the third-party's] benefit."). AEC has not alleged that any language in the subcontract named the Estate or ACNB as intended contractual beneficiaries. While intended third-party beneficiaries need not be expressly named, subcontracts generally create mere incidental beneficiaries, and incidental beneficiaries do not enjoy contractual privity. *See Gray Constr., Inc. v. Medline Indus., Inc.*, No. CV GLR-19-3405, 2020 WL 5816502, at *13 (D. Md. Sept. 30, 2020); *see also* Restatement (Second) of Contracts § 302(1) (1981), cmt. e, illus. 19 ("A contracts to erect a building for C. B then contracts with A to supply lumber needed for the building. C is an incidental

beneficiary of B's promise, and B is an incidental beneficiary of C's promise to pay A for the building."). The Court will not assume facts sufficient to remove this case from the realm of standard contractor-subcontractor agreements when none have been alleged in the Amended Complaint. The facts that *have* been alleged do not suggest anything out of the ordinary: AEC hired Ground Zero to perform a subset of the work needed to complete its environmental assessment for ACNB Bank. ECF 4 ¶ 4. In the absence of contractual privity, neither ACNB Bank nor the Estate could bring a breach of contract claim against Ground Zero. Counts II and III will therefore be dismissed without prejudice.

The economic loss doctrine also bars the negligence claim AEC tries to assert on behalf of ACNB Bank in Count VI. Under Pennsylvania law, that doctrine provides that "no cause of action exists for negligence that results solely in economic damages unaccompanied by physical injury or property damage. 'Purely economical loss, when not accompanied with or occasioned by injury, is considered beyond the scope of recovery even if a direct result of the negligent act.'" *Donaldson v. Davidson Bros.*, 144 A.3d 93, 101 (Pa. Super. 2016) (quoting *Margolis v. Jackson*, 543 A.2d 1238, 1240 (Pa. Super. 1988)).[1] While the Amended Complaint pleads, by contrast, that the Estate arguably suffered property damage as a result of the alleged negligent act, it does not suggest that ACNB Bank suffered any harm other than pure economic loss (in the form of the $25,000 settlement it paid to the Estate), *see* ECF 4 ¶ 40. Thus, ACNB Bank has no viable negligence

---

[1] The economic loss doctrine in Maryland is similar, operating to bar recovery where a plaintiff is not in privity with, or does not enjoy an "intimate nexus" with, the defendant and the alleged negligence did not result in actual physical injury or risk of severe physical injury. *Balfour Beatty Infrastructure, Inc. v. Rummel Klepper & Kahl, LLP*, 451 Md. 600, 612, 614-15 (2017). The Amended Complaint alleges no direct relationship between ACNB Bank and Ground Zero sufficient to create privity or an intimate nexus. Thus, this Court need not conclusively decide the choice of law issue in ruling on this partial motion to dismiss, as Count VI would be barred by the economic loss doctrine regardless of which state's law is applied.

claim, and AEC cannot assert such a claim as the bank's assignee.  Count VI will also be dismissed without prejudice.

### IV.     Conclusion

For the foregoing reasons, AEC's Motion for Summary Judgment, ECF 16, is DENIED, and Ground Zero's Partial Motion to Dismiss Counts II, III, and VI, ECF 10, is GRANTED.  The three counts are dismissed without prejudice.  An Order follows.

                                                                             /s/
                                                          Stephanie A. Gallagher
                                                          United States District Judge